ALBANY,
January, 1823.

JACKSON
v.
BAYARD.

JACKSON, *ex dem.* BAYARD and others *against* HEALY. (*a*)

EJECTMENT for a lot of ground, in *Ridge-street*, in the city of *New-York*, tried at the *New-York* sittings, before Mr. Justice *Van Ness*, in *November* last. A verdict was taken for the plaintiff, subject to the opinion of the Court on a case. The title to the premises in question was admitted to be in the lessor of the plaintiff, subject to the operation of the assessment, laid by the corporation of the city of *New-York*, for filling up *Stanton-street*, and the proceedings under it.

It appeared, that *E. Bancker*, a city surveyor, in 1784, laid out a block of land, being part of *Delancey's* farm, and the tier of lots, including the premises in question, fronted on *Ridge-street*, each lot being 25 feet in front on that street, beginning at the corner of *Stanton-street*, and each 100 feet deep; and the lots have been so described as fronting on *Ridge-street*, in all the conveyances since that time, and have been assessed for ordinary taxes, which were paid by those from whom the plaintiff derived his title. The lot in question was conveyed to the lessors of the plaintiff by the *trustees of Isaac Moses*, as fronting on *Ridge-street*, being the *fourth* lot from the corner of *Ridge* and *Stanton-streets*.

By the ordinances, assessments, and proceedings of the corporation, which were given in evidence, it appeared, that pursuant to the resolutions of the board, an assessment was laid upon lots in *Stanton-street*, to defray the expense of filling up and repairing that street; and that three lots, beginning at the northeast corner of *Stanton* and *Ridge-streets*, and described as fronting on *Stanton-street*, each 25 feet wide, and belonging to *Benjamin F. Haskins*, but without

In the proceedings under "the act to reduce several laws, relating particularly to the city of *New-York*, into one act." (2 *N. R. L.* 342. sess. 36. ch. 86.) relative to streets, &c. in the city of *New-York*, the assessment laid by the corporation for that purpose, and the notice thereof, must describe the property assessed, with accuracy and precision, so as to apprize the owner distinctly of the ground charged for the expense of the improvements. If, therefore, the assessment describe lots fronting on *S. street*, as 25 feet wide in front, belonging to *H.*, without mentioning the depth, and they are, afterwards, sold and conveyed by the corporation, as fronting on *S. street*, and "about 100 feet deep," when, in fact, the lots of *H.* were only 75

(*a*) This case was decided in *August* term last.

feet deep, such conveyance will not be construed to extend the lots in depth, beyond 75 feet, so as to include the lot of *B.* in the rear, and which fronted on another street.

mentioning the depth, were included in the assessment. *Haskins* became the purchaser at the sale, for the term of 90 years; and the conveyance to him by the corporation, described the lots as lying on the north side of *Stanton-street*, between *Ridge* and *Pitt-streets*, being part of a block distinguished on the *Delancey* farm, by number 24, lying adjoining to each other, and containing, together, about 75 feet, front and rear, and about 100 feet deep; bounded on the south, in front, by *Stanton-street*; on the west, by *Ridge-street*; on the north, in the rear, by other part of the said block number 24, &c. (*a*)

*T. L. Ogden*, for the plaintiff.

*Bogardus*, contra.

*Per Curiam*. This is an ejectment for a house lot, fronting on *Ridge-street*, in the city of *New-York*. The title of the plaintiff to the lot in question is admitted, unless his title has been devested by virtue of a sale under an ordinance of the corporation, for non-payment of an assessment for filling up *Stanton-street*.

The assessment was upon three lots " *on the north side of Stanton-street*," as the property of " *Benjamin F. Haskins*," numbers 4, 5, 6, being 25 feet front, and *no depth mentioned*.

The deed from the corporation specifies about 25 feet, front and rear, and about 100 feet deep.

(*a*) The following diagram will show the interference of the lots sold by the corporation, with the lot owned by the lessors of the plaintiff:

STANTON-STREET.

This deed, if it extend more than 75 feet in depth, will include the premises in question, and defeat the plaintiff's title derived under *Isaac Moses.*

There was nothing in the assessment, or any other proceedings on the part of the corporation, to apprize the plaintiff that any lots were assessed except those fronting on *Stanton-street.*

On the part of the plaintiff, it is shown, that in 1784, *Evert Bancker,* city surveyor, laid out the lots *to front on Ridge-street;* that the lot in question was conveyed to the lessors of the plaintiff, by the trustees of *Isaac Moses,* as fronting on *Ridge-street,* 25 feet, front and rear, and 100 feet deep; and it has been so described in all the conveyances since 1784; and, as such, it has been several times assessed for ordinary taxes, paid by *Moses* and others : but the whole square was open, unoccupied ground, without monuments, or enclosures, when assessed and sold.

The principle cannot be tolerated, that the true owner can be devested of his title by such vague and indefinite proceedings, on the part of the corporation. Before they can give an operative conveyance under the statute in such cases, the assessment and notice must be such, as to apprize the owner distinctly of the ground so charged for the improvements. It is remarkable, in this case, that *Benjamin F. Haskins* is advertised as owner of the lots fronting on *Stanton-street;* and he is the purchaser under the corporation. Now, although *Haskins,* being the owner of the three corner lots, had a right to alter the location and allotment, so as to front on *Stanton-street,* as it appears he did; yet it seems very clear, that he must have known, that those lots extended only 75 feet in depth; instead of " *about* 100 *feet,*" as expressed in the deed to him from the corporation.

Upon the whole, we think it a very clear case for the plaintiff.

Judgment for the plaintiff.